UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, #294233, | ) C/A No. 4:07-3757-HMH-TER |
|                    Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Ofc. L. Walton; Nurse Ms. Melessia Mobley; Nurse Ms. Melessia Blighton; and IGC L. Holmes, | ) |
|                    Defendant(s). | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Corey Jawan Robinson ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on November 20, 2007. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion for summary judgment on March 4, 2008, asserting plaintiff had changed his address without advising the Court or defendants of his new mailing address and the action should be dismissed for failure to prosecute. Because plaintiff is proceeding pro se, he was advised on or about March 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on March 13, 2008, marked "inmate released" (Document #26).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Plaintiff did not respond to the motion for summary judgment. On April 8, 2008, an Order was issued directing the plaintiff to respond to the defendants' motion for summary judgment within ten (10) days of the date of this Order or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. This Order was returned to the Clerk of Court's office via the United States Postal Service marked "Return to Sender-Inmate Released." (See document #31). Plaintiff has not filed a change of address with the court.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment for failure to prosecute, or the court's Orders requiring him to respond. Further, the *Roseboro* Order and the

2

Court's Order of April 8, 2008, were returned to the Clerk of Court's office via United States Postal Service as undeliverable and marked "inmate released." Plaintiff has not provided the court with an updated address as required by the Order of December 11, 2007. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that defendants' motion for summary judgment for failure to prosecute (document #20) be GRANTED and plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**